[No. 28321-9-I. Division One. July 13, 1992.]

JAMES HITTER, *Appellant*, v. BELLEVUE SCHOOL DISTRICT NO. 405, *Respondent*.

*Judith A. Lonnquist* and *Jennifer P. Zavatsky,* for appellant.

*Max N. Peabody* and *Peery, Hiscock, Pierson & Ryder, Inc. P.S.,* for respondent.

WEBSTER, A.C.J. — James Hitter appeals two superior court orders denying him reasonable attorney's fees and dismissing his claims of negligent investigation and defamation. He asserts that the trial court erred in determining that: (1) his arbitration award did not entitle him to attorney's fees under RCW 49.48.030; (2) he failed to prove prima facie that the school district negligently investigated the accusations against him; (3) statements made by the school principal to a student's mother that Hitter had been accused of improperly touching were conditionally privileged; (4) he did not meet his burden of proving that the school principal abused the conditional privilege; (5) the principal's statements to the alleged victim's mother were

immune under RCW 26.44.060; and (6) he presented insufficient evidence of objective symptomatology to recover damages for negligent infliction of emotional distress. We affirm.

## FACTS

Hitter began his employment with the Bellevue School District (the District) in 1985 as a special education aide. His first assignment was at Tyee Middle School, where he worked for 2½ years with behaviorally disordered students. He received excellent performance evaluations. During the 1987-88 school year he was assigned to Highland Middle School to work with severely handicapped students. There, he worked primarily at the motor function station with a teacher, Karen Vandenburg, and several aides. He had never worked with severely handicapped students and received his training from Vandenburg. Hitter's duties involved physical manipulation of students to stretch their muscles and teaching basic movement skills such as sitting, standing, and walking. His job required him to touch students regularly. Hitter worked closely with a student named Jenny, a mentally retarded Down's Syndrome child with a severe heart defect and the mental capacity of a 1-year-old child. Jenny is small in stature, flat chested, and has very poor eyesight. In the fall of 1987, Hitter made considerable progress with Jenny using motivators such as patting, tickling, rubbing, and hugging.

In late 1987 some of the other aides reported to Hitter's supervisors that he was not doing certain aspects of his job properly and persuaded them to meet with Hitter to discuss the matter. After the meeting, Hitter became upset that the other aides had gone to his supervisors, rather than discussing the issue with him directly, and entered into a confrontation with at least one of the aides. Following the confrontation, Hitter was called into Principal Shuzo Takeuchi's office. While there, Hitter complained that the other aides had been excluding him.

In January of 1988, several aides or assistants began reporting that they had observed Hitter touching Jenny in

ways they believed were inappropriate. On February 11, Takeuchi met with Hitter to tell him that he had been accused of inappropriately fondling Jenny. Hitter expressed astonishment and demanded copies of any accusations. Although Takeuchi refused to provide copies, he told Hitter that the accusations included

> hugging and rubbing Jenny's chest on several occasions; letting his left hand slide down and cover Jenny's breast; working with Jenny in a sitting position with Jenny's head close to his groin.

Hitter expressed that he had not done anything inappropriate and was only doing his job. Takeuchi notified Hitter that he was being suspended pending further investigation and that Child Protective Services had been notified.

The District investigated the accusations further and Hitter received a letter notifying him that he was being discharged for "inappropriate touching of a female student." After the Board of Directors ratified the termination, Hitter commenced an arbitration proceeding pursuant to his union's collective bargaining agreement with the District. The arbitrator found that most of the alleged improper touching of Jenny was not objectively inappropriate, and that although the alleged improper touching was not included in her motor skills program, it was necessary to motivate her. The arbitrator further found that, while Hitter may have inappropriately touched Jenny on one or two occasions, he did not realize he was doing it, and certainly did not intend it as a sexual gesture. Finally, the arbitrator found that returning Hitter to a job "where he must work with aides so quick to label behavior inappropriate would place [him] in an untenable position." The arbitrator concluded that the District did not have just cause to discharge Hitter and ordered the District to

> (a) reinstate [Hitter] to his choice of either his former position or an equivalent position where he would not be working with the aides who leveled accusations against him;
>
> (b) restore to [Hitter] all wages and benefits lost as a result of his termination; and
>
> (c) remove from [Hitter's] personnel file all documents relating to his termination and the charges upon which that

termination was based and give no further weight to such documents in any subsequent personnel action affecting [Hitter].

In so concluding, the arbitrator commented that the proceeding revealed that "if the District errs, it intends to err in the direction of assuming an accused teacher or aide is guilty until proven innocent."

Following the arbitration, Hitter filed suit in superior court seeking damages for emotional distress, defamation, and attorney's fees. The trial court denied Hitter's claim for attorney's fees under RCW 49.48.030 and granted the District's motion for summary judgment on Hitter's claims for defamation and negligent infliction of emotional distress.

## DISCUSSION

Hitter contends that he is entitled to attorney's fees under RCW 49.48.030 in connection with his arbitration award. The trial court held that Hitter could not recover attorney's fees incurred in the arbitration proceeding held pursuant to the collective bargaining agreement because an arbitration proceeding is not an "action" and an arbitrator's award is not a "judgment" under RCW 49.48.030.

■■ RCW 49.48.030 provides:

**Attorney's fee in action on wages — Exception.** In any action in which any person is successful in recovering judgment for wages or salary owed to him, reasonable attorney's fees, in an amount to be determined by the court, shall be assessed against said employer or former employer: *Provided, however,* That this section shall not apply if the amount of recovery is less than or equal to the amount admitted by the employer to be owing for said wages or salary.

We find nothing in RCW 49.48 indicating that an arbitration proceeding is not an "action" or that an arbitration award is not a "judgment". RCW 7.04, which governs arbitrations, provides that once a superior court order confirming, modifying, correcting, or vacating an arbitration award has been entered, the judgment "has the same force and effect, in all respects as, and is subject to all the provisions of law relating to, a judgment in an action". RCW 7.04.210; *see* RCW 7.04.200. This provision suggests that

the terms "action" and "judgment" were not intended to preclude RCW 49.48.030 from applying to arbitration awards. Furthermore, since RCW 49.48.030 is a "remedial statute[, it] should be liberally construed to effect its purpose." *Naches Vly. Sch. Dist. JT3 v. Cruzen*, 54 Wn. App. 388, 399, 775 P.2d 960 (1989). We hold that RCW 49.48 applies to arbitration awards and that the trial court erred in ruling otherwise.

The District contends that the collective bargaining agreement between Hitter's union and the District precludes Hitter from recovering attorney's fees from the District. The agreement states in relevant part:

> c. The fees and expenses of the arbitrator shall be shared equally by the District and the Union. All other expenses shall be borne by the party incurring them, and neither party shall be responsible for the expenses of witnesses called by the other.

We reject Hitter's assertion that he is not a "party" under this provision of the collective bargaining agreement. Hitter is a member of the union bound by the agreement, and the above-cited provision clearly states that all expenses besides those of the arbitrator "shall be borne by the party incurring them".

We raise sua sponte whether the right to attorney's fees accorded by RCW 49.48.030 can be bargained away in a collective bargaining agreement. In *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 67 L. Ed. 2d 641, 101 S. Ct. 1437 (1981), employees asserting wage claims under the terms of their collective bargaining agreement and under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 201 *et seq.*, submitted their contractual grievances to arbitration for a "final and binding decision" as required by the terms of the collective bargaining agreement. *Barrentine*, 450 U.S. at 731. After the arbitration panel rejected their grievances, the petitioners sued in federal court, alleging that their employer had violated minimum wage provisions of the FLSA and requesting the statutory remedy of liquidated damages, costs, and reasonable attorney's fees.

*Barrentine*, 450 U.S. at 732-33. The Court held that since the petitioners' FLSA rights stemmed from their rights as individual workers rather than as members of a collective organization, they were not waivable. The Court further held that since Congress intended to give individual employees the right to vindicate their wage claims in court, submission of the petitioner's contractual grievances to arbitration did not bar their suit in federal court. *Barrentine*, 450 U.S. at 745. In so holding, the Court reasoned that an employee's contractual rights arising out of a collective bargaining agreement are distinct from an employee's rights arising out of a statute designed to provide minimum substantive guaranties to individual workers, and that substantive individual rights should not be usurped by the exercise of collective rights. *Barrentine*, at 737; *see also Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 49-51, 39 L. Ed. 2d 147, 94 S. Ct. 1011 (1974). The Court explained that a union could validly sacrifice an individual employee's statutory rights without breaching its duty of fair representation in order to obtain increased benefits for workers in the bargaining unit as a whole, and that permitting a collective bargaining agreement to take precedence over an individual employee's right to minimum wage and overtime pay would undermine the legislative policies behind the FSLA. *Barrentine*, 450 U.S. at 740-42.

Adopting the rationale set forth in *Barrentine*, the Washington Supreme Court held that individual employees could vindicate their statutory right to be free from unlawful discrimination independently of collective bargaining procedures, despite the inclusion of an exclusive remedy provision in the collective bargaining agreement. *Reese v. Sears, Roebuck & Co.*, 107 Wn.2d 563, 577-78, 731 P.2d 497 (1987), *overruled on other grounds in Phillips v. Seattle*, 111 Wn.2d 903, 766 P.2d 1099 (1989).

■ Washington courts have consistently held that RCW 49.48.030 is a remedial provision which must be liberally construed and that it entitles a wrongfully discharged employee, who has recovered a judgment for wages or salary

owed, to an award of reasonable attorney's fees. *Gaglidari v. Denny's Restaurants, Inc.*, 117 Wn.2d 426, 448-50, 815 P.2d 1362 (1991); *Hayes v. Trulock*, 51 Wn. App. 795, 806, 755 P.2d 830, *review denied*, 111 Wn.2d 1015 (1988); *Hanson v. Tacoma*, 105 Wn.2d 864, 872-73, 719 P.2d 104 (1986). However, we are not persuaded that the Legislature intended to place the right conferred by RCW 49.48.030 into the category of a minimum substantive guaranty to individual workers, which cannot be waived by the exercise of collective rights. We therefore conclude that Hitter is not entitled to reasonable attorney's fees for amounts incurred during the arbitration or on appeal.

Next, we discuss whether the trial court erred in dismissing Hitter's negligent investigation claim. Summary judgment shall be granted when the pleadings, affidavits, depositions, and admissions on file demonstrate that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c); *Hutchins v. 1001 Fourth Ave. Assocs.*, 116 Wn.2d 217, 220, 802 P.2d 1360 (1991). Once the moving party establishes its initial burden, the party bearing the burden of proof at trial must present evidence sufficient to establish the essential elements of its case in order to withstand summary judgment. *Young v. Key Pharmaceuticals, Inc.*, 112 Wn.2d 216, 225, 770 P.2d 182 (1989). The court must view the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Turngren v. King Cy*, 104 Wn.2d 293, 705 P.2d 258 (1985). When reasonable minds can reach only one conclusion from the evidence presented, then "questions of fact may be determined as a matter of law, and summary judgment is appropriate." *Central Wash. Bank v. Mendelson-Zeller, Inc.*, 113 Wn.2d 346, 353, 779 P.2d 697 (1989).

It is unclear whether the District's obligation not to suspend or discharge except for just cause encompasses a duty to reasonably investigate allegations made against an employee before discharging the employee. *See Lawson v. Boeing Co.*, 58 Wn. App. 261, 265-66, 792 P.2d 545 (1990)

(court did not reach issue of whether the employer owed the employee a duty to conduct a reasonable investigation), *review denied*, 116 Wn.2d 1021 (1991). Hitter contends that the school principal negligently investigated the allegations against him by failing to inform him of the specific complaints made by other employees. Assuming without deciding that a breach of this duty would support a claim of negligent investigation, we hold that Hitter has failed to offer any evidence creating a genuine issue of material fact. *See Lawson*, at 265-66. The arbitrator found that the principal specifically informed Hitter that he had been accused of inappropriate fondling of Jenny by

> hugging and rubbing Jenny's chest on several occasions; letting his left hand slide down and cover Jenny's breast; working with Jenny in a sitting position with Jenny's head close to his groin.

Although the arbitrator was not passing judgment on the District's alleged negligent investigation, Hitter has not submitted any sworn statement or other evidence contradicting the arbitrator's finding. We conclude that the trial court did not err in dismissing Hitter's negligent investigation claim.

■ ■ We next address whether the trial court erred in dismissing Hitter's defamation claim. The elements of defamation are a false, unprivileged communication, fault, and damages. *Herron v. KING Broadcasting Co.*, 109 Wn.2d 514, 521-22, 746 P.2d 295 (1987). A private plaintiff need only demonstrate that the statement was negligently made to establish fault. *Dunlap v. Wayne*, 105 Wn.2d 529, 542, 716 P.2d 842 (1986).

■ Hitter contends that the trial court erred in concluding that the school principal's statement to Jenny's mother that Hitter had been accused of improper touching was conditionally privileged. In *Ward v. Painters' Local Union 300*, 41 Wn.2d 859, 865, 252 P.2d 253 (1953), the court stated:

> An occasion is conditionally or qualifiedly privileged when the circumstances are such as to lead any one of several per-

sons having a common interest in a particular subject matter, correctly or reasonably to believe that facts exist which another sharing such common interest is entitled to know.

*See* Restatement (Second) of Torts §§ 593-96 (1977). Here, Jenny's mother had a common interest in the subject matter of the investigation, the alleged improper touching of her daughter, and the principal's statement therefore was conditionally privileged. *See* Restatement (Second) of Torts § 595. The trial court did not err in so concluding.

 Hitter further contends that the principal abused his conditional privilege. A conditional privilege may be abused and its protection lost if the person making the statement had knowledge of, or exercised reckless disregard for, the falsity of the defamatory matter. *Bender v. Seattle*, 99 Wn.2d 582, 600, 664 P.2d 492 (1983). The alleged defamed party has the burden of showing by clear and convincing evidence that the party making the statement knew of its falsity or acted with reckless disregard for its falsity. *Bender*, at 601. Jenny's mother stated in her affidavit that the principal communicated to her only that staff members had reported that one of the teacher's aides, whom Jenny's mother knew to be Hitter, "had been observed 'fondling' Jenny." Hitter has not offered any evidence from which a reasonable trier of fact could find by clear and convincing evidence that the school principal made statements to Jenny's mother knowing that they were false or with reckless disregard for their falsity.[1]

 Lastly, we decide whether Hitter is entitled to assert a claim for negligent infliction of emotional distress. In *Gaglidari*, at 440, the Supreme Court made clear that tort damages for emotional distress caused by breach of an employment contract are not recoverable. Therefore, any claim for emotional distress damages must be premised on some conduct beyond breach of an employment contract. Here,

---

[1]In view of our conclusion that the principal's statements to Jenny's mother were conditionally privileged, we need not address whether the trial court erred in concluding that the principal's statements were immune under RCW 26.44-.060.

Hitter has failed to establish a prima facie case on either the theory of negligent investigation or the theory of defamation, and therefore has not established any claim that would support an award for emotional distress damages.[2]

The judgment is affirmed.

SCHOLFIELD and BAKER, JJ., concur.

Review denied at 120 Wn.2d 1013 (1992).

---

[2]In view of our conclusion that Hitter has failed to demonstrate the breach of any duty, we decline to decide whether the trial court abused its discretion in ruling that Hitter failed to put forth sufficient evidence of "objective symptomatology" to survive summary judgment. *See Hunsley v. Giard,* 87 Wn.2d 424, 435-36, 553 P.2d 1096 (1976).

We reject the District's argument that Hitter's claim for emotional distress is barred by the exclusive remedy provision in the Washington Industrial Insurance Act, RCW 51.04.010. *See Reese v. Sears, Roebuck & Co.,* 107 Wn.2d 563, 571, 731 P.2d 497 (1987); *McCarthy v. Department of Social & Health Servs.,* 110 Wn.2d 812, 817, 759 P.2d 351 (1988).