**Steven KLEIN, Plaintiff,**

v.

**The BOEING COMPANY, Defendant.**

**No. C93–317R.**

United States District Court,
W.D. Washington,
at Seattle.

Jan. 27, 1994.

Robin Williams Phillips, Lasher, Holzapfel, Sperry & Ebberson, Seattle, WA, for plaintiff.

Jeffrey Alan Hollingsworth, Wendi J. Delmendo, Perkins Coie, Seattle, WA, for defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

ROTHSTEIN, Chief Judge.

THIS MATTER comes before the court on defendant's motion for summary judgment and plaintiff's motion for partial summary judgment. Having considered all the materials filed in support and in opposition to the motions, the court finds and rules as follows:

### I. Background

Plaintiff Steven Klein ("Klein") is a former employee of defendant, the Boeing Company ("Boeing"). On February 7, 1991 Klein was discharged by Boeing. It is undisputed that the following events occurred prior to Klein's discharge: On a day in April, 1990 Klein observed two teenage girls across the street washing a car. He then went outside to the front porch of his residence, unzipped his pants and masturbated for between five and ten seconds. A boy sitting across the street observed Klein and later complained to the police that Klein had intentionally exposed himself to the child. During the same time period, Klein went into the back yard of a neighbor woman in the evening and stood outside her window. In May, 1990 Klein was charged with public indecency and criminal trespass.

In October, 1990 George Karonis of Boeing Security interviewed Klein with regard to the charges against him. In a signed statement Klein gave Karonis, Klein denied exposing himself to the child and denied that he had been in his neighbor's back yard on the date alleged by the police. On December 17, 1990 Klein attended a hearing on both criminal charges at the Renton district court. Klein's attorney arranged for the dismissal of the criminal trespass charge if Klein entered a special supervision program pursuant to a deferred prosecution, under RCW 10.05.010, on the public indecency charge. The deferred prosecution was conditioned on Klein's agreement to seek counseling. In his deposition, Klein admitted to masturbating on his front porch and also to entering the back yard of his female neighbor and standing outside her window. Klein also admitted he had lied earlier to the Boeing security investigator about the incidents.

At the time of Klein's discharge, he was a member of the collective bargaining unit represented by the Seattle Professional Engineering Employees Association, ("SPEEA"). A collective bargaining agreement between SPEEA and Boeing governed Klein's employment. There are also Boeing company rules which govern employment at Boeing. With respect to matters it covers, the collective bargaining agreement controls. The relevant company rules read as follows:

[a]ppropriate disciplinary measures will be taken when an employee is determined by the Company to have committed any of the actions listed below ...

Unacceptable Conduct or Performance—Commission of a penal offense.

In addition, the SPEEA collective bargaining agreement contains, as Attachment 1, a "Letter of Understanding Relating to Sex Crimes" which states that:

1. Any discipline or discharge of a SPEEA-represented employee who has committed a sex crime victimizing a child or children shall be deemed to be for "just cause" and shall not be subject to the grievance and arbitration provisions of the parties' collective bargaining agreements or to any other challenge or proceeding by SPEEA.

2. For purposes of this Letter of Understanding, the term "sex crime victimizing a child or children" includes ... public indecency ..., where the victim of said crime(s) is under the age of 18 years at the time of the commission of the crime(s). An employee shall be considered to have committed such a crime if the employee is convicted of the crime, or if the employee pleads guilty or nolo contendre to the crime, of [sic] if the employee enters a special supervision program pursuant to a deferred prosecution arrangement relating to the crime.

After Klein was discharged, he sought assistance from SPEEA. Klein was told by a SPEEA representative that the contractual provision contained in the Letter of Understanding, as quoted above, waived all grievance rights. SPEEA never filed a formal grievance on behalf of Klein concerning his February, 1991 discharge. Klein has never asserted a claim for breach of the duty of fair representation against SPEEA for not filing a grievance on his behalf as a result of this discharge.

In February, 1993 filed suit against Boeing, alleging wrongful termination, handicap discrimination, defamation and outrage. Boeing moved for summary judgment on all claims. Klein has moved for partial summary judgment on his claim of handicap discrimination as well as a claim of disparate impact on the disabled.

## II. Analysis

### A. Legal Standard

Summary judgment is appropriate if it appears, after viewing the evidence in the light most favorable to the nonmoving party, that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Asso.*, 809 F.2d 626, 630–31 (9th Cir.1987). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986). The non-moving party may not rely on the mere allegations in the pleadings to avoid summary judgment but must set forth "specific facts showing that there is a genuine issue for trial". *T.W. Electrical Service, Inc.*, 809 F.2d at 630 (quoting Fed.R.Civ.P. 56(e)). For a nonmoving party to withstand a summary judgment motion, it must show that there are genuine issues of material fact that can only be resolved by a finder of fact because they may reasonably be resolved in favor of either party. *California Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987).

### B. Wrongful Termination Claim

In his complaint, Klein alleges he was discharged without cause, in violation of the SPEEA collective bargaining agreement. Klein alleges that the SPEEA letter of understanding was not intended to cover the acts Klein admits committing. However, the letter of understanding clearly, on its face, covers deferred prosecution for a charge of public indecency. Thus, Klein's argument that the letter of understanding somehow was not meant to cover this situation must fail as a matter of law. Klein's submission of deposition testimony of a SPEEA official regarding the intent of the letter of understanding does not create a dispute of fact such as to preclude summary judgment. Extrinsic evidence of this type is irrelevant and therefore inadmissible to establish the meaning of the letter of understanding which is

facially clear and explicitly covers the situation. *See NLRB v. International Brotherhood of Electrical Workers, Local 11,* 772 F.2d 571, 575 (9th Cir.1985). No reasonable jury could find that the letter of understanding did not apply, and summary judgment for Boeing on this issue is required. Additionally, the Boeing rule against commission of a penal offense, which is more specifically delineated in the letter of understanding, clearly applies to the facts presented to the court and would also require summary judgment in favor of Boeing.

The court also notes that to properly bring a claim for breach of a collective bargaining agreement, Klein must either pursue the contractual grievance procedures or assert a claim of breach of the duty of fair representation by SPEEA within six months of the alleged breach. *See* 29 U.S.C. Sec. 160(b); *DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 171, 103 S.Ct. 2281, 2294, 76 L.Ed.2d 476 (1983). Klein has failed to do either within the time permitted. The six-month statute of limitations begins to run when Klein knew or reasonably should have known that SPEEA would not pursue a grievance on his behalf. *Lacina v. G–K Trucking,* 802 F.2d 1190, 1192 (9th Cir.1986). Klein admits he knew the union would not pursue a grievance on his behalf as early as June, 1991, over a year and a half prior to filing this action. Klein has neither asserted a grievance nor alleged a breach of the duty of fair representation by SPEEA.

Additionally, in his opposition to Boeing's summary judgment motion Klein attempts to add a claim that his discharge violated public policy and was therefore unlawful. Initially, the court notes that this claim was nowhere asserted in Klein's complaint, nor has Klein amended his complaint to include this claim. However, even if Klein had properly asserted this claim, it would not survive summary judgment. The Supreme Court of Washington, in *Thompson v. St. Regis Paper Co.,* 102 Wash.2d 219, 685 P.2d 1081 (1984), stated that "to state a cause of action, the employee must plead and prove that a stated public policy, either legislatively or judicially recognized, may have been con-

travened", *id.,* at 232, 685 P.2d 1081, and that "an employer can be liable in tort if he or she discharges an employee for a reason that contravenes a clear mandate of public policy". *id.,* at 233, 685 P.2d 1081.

Klein has failed to cite, and this court has not found, any legislative or judicial statements recognizing a public policy which is contravened by a rule which allows discharge of those who commit sex crimes involving children. Nor has this court found any statement of public policy which forbids discharge of persons who have chosen deferred prosecution as part of a plea bargain with respect to a criminal charge of public indecency. Thus, even if Klein had properly asserted a claim for wrongful termination based on a public policy rationale, this claim would also fail as a matter of law.

Finally, the court notes that Klein admits that he lied to Boeing's security personnel concerning the actions which formed the basis for the criminal allegations against him. This behavior may in and of itself sustain his discharge, irrespective of the alleged discrimination as it violated Boeing's company rule against dishonesty which prohibits false statements or intentional omissions. *See Dotson v. United States Postal Service,* 977 F.2d 976, 978 (6th Cir.) *cert. denied,* —— U.S. ——, 113 S.Ct. 263, 121 L.Ed.2d 193 (1992); *O'Day v. McDonnell Douglas Helicopter Co.,* 784 F.Supp. 1466, 1470 (D.Ariz.1992) (defendant granted summary judgment on plaintiff's age discrimination claim because of after-acquired evidence that plaintiff violated company rules).

## C. Handicap Discrimination

Klein's complaint also alleges that Boeing purposefully discriminated against him because of a mental disability and that Boeing thereby violated Title VII of the Civil Rights Act, 42 U.S.C. Sec. 2000e and the Washington State Discrimination Statute, RCW 49.60.010 *et seq.* Title VII does not provide protection against discrimination on the basis of disability but rather is limited to issues of discrimination based upon "race, color, religion, sex, or national origin." 42 U.S.C. Sec. 2000e–2(a). Thus, Klein's Title VII claim cannot withstand summary judg-

ment. Although Klein has not alleged a claim under the Americans with Disabilities Act, 42 U.S.C. Sec. 12101 *et seq.,* such a claim would fail due to 29 C.F.R. Sec. 1630.3(d) which excepts from the definition of "disabled" conditions such as pedophilia, exhibitionism, voyeurism and other sexual behavior disorders.

▆▆▆▆ To support a claim under RCW 49.60 Klein must establish (1) that he had an abnormal condition and (2) Boeing discriminated against him because of the abnormal condition. *Doe v. Boeing Co.,* 121 Wash.2d 8, 13, 846 P.2d 531 (1993). This claim must fail as a matter of law because whether or not Klein can show that he suffered from an "abnormal condition", he has not presented any evidence which indicates that Boeing discharged him *because of* any abnormal condition. Rather, the only evidence indicates that Boeing discharged him because he committed a penal offense in violation of the company rule and the collective bargaining agreement. Klein admits that he never informed Boeing that he had any kind of mental illness, that he had not been diagnosed as mentally ill when he was terminated, and that he never requested any accommodation of his alleged mental illness. Discharge of an employee for violation of a workplace rule does not constitute discrimination based upon an employee's alleged disability. *See id.,* at 17, 846 P.2d 531 (discharge of employee with gender dysphoria based not on "abnormal condition but on her refusal to conform with directives on acceptable attire" does not constitute discrimination). Thus, as a matter of law, Klein's claim under RCW 49.60 fails.

**D. Defamation**

▆▆▆▆ To recover for defamation, a plaintiff must establish four elements: falsity, unprivileged communication, fault, and damage. *Hitter v. Bellevue School Dist. No. 405,* 66 Wash.App. 391, 400, 832 P.2d 130 (1992); *Herron v. KING Broadcasting Co.,* 109 Wash.2d 514, 521–22, 746 P.2d 295 (1987). In his sworn deposition testimony Klein alleged that Keri Vester, a former

Boeing employee, told mutual friends that he was discharged from Boeing for standing on his porch in his underwear.[1] Klein now alleges that Boeing employees defamed him by spreading rumors that he had been convicted of molesting a child. The only support Klein offers for his new allegation is inadmissible hearsay. Klein offers the declaration of Lisa Healy. Healy states that Kathy Wyatt told her that Keri Vester had told Wyatt that Klein was discharged for child abuse or child molestation. This is inadmissible hearsay evidence because it is Healy's statement offered for the truth of the matter asserted by Wyatt, namely that Vester actually said those things about Klein. Additionally, Klein has presented no evidence that Vester was acting in furtherance of her employer's interest and within the scope of her employment when the statement was allegedly made. Unless Vester was acting in furtherance of Boeing's business and within the course and scope of her employment when she allegedly made such a statement, Being is not liable as her employer. *See Henderson v. Pennwalt Corp.,* 41 Wash.App. 547, 552, 704 P.2d 1256 (1985). The uncontroverted evidence is that Vester made whatever remarks about Klein in the context of a personal relationship with mutual friends of Vester's and Klein's. Thus, as to the alleged statement that Klein was convicted of molesting a child, no reasonable jury could find for Klein and Boeing is entitled to summary judgment as a matter of law.

As to Klein's claims that remarks were made which allegedly referred to him "standing in his underwear on his porch", there is no damage to Klein as he admits that this alleged characterization was more favorable to him than the truth. *See Herron v. King Broadcasting Co.,* 112 Wash.2d 762, 776 P.2d 98 (1989); *Mark v. Seattle Times,* 96 Wash.2d 473, 635 P.2d 1081 (1981). Thus, Klein's defamation claim must fail and Boeing is entitled to summary judgment on the issue as a matter of law.

**E. Outrage**

▆▆▆▆ To establish a claim for outrage, Klein must establish that Boeing's "conduct

---

1. The court will allow Klein's supplementation of his brief in opposition to Boeing's summary judgment motion which contains corrections made by Vester of her deposition testimony. Thus, Boeing's motion to strike the supplementation is DENIED.

has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Grimsby v. Samson,* 85 Wash.2d 52, 59, 530 P.2d 291 (1975) (citation omitted). This court finds that, based on the above, plaintiff has not presented facts which, if true, are sufficiently extreme and outrageous to support a claim of outrage against Boeing. In opposition to Boeing's summary judgment motion Klein relies only upon the alleged statements made by Vester. As discussed above, Healy's declaration to that effect is inadmissible hearsay. In addition, this court finds that as a matter of law, even if the facts Klein alleges are true, Boeing would not be liable for the tort of outrage. *See e.g., Lawson v. Boeing Co.,* 58 Wash.App. 261, 792 P.2d 545 (1990), *review denied,* 116 Wash.2d 1021, 811 P.2d 219 (1991) (statements by fellow employees alleging plaintiff sexually harassed them do not constitute outrage).

**F. Disparate Impact Discrimination Claim**

Klein has moved for partial summary judgment on a claim that Boeing's company rule disparately impacts the mentally disabled. Klein never asserted this claim prior to his opposition to Boeing's motion for summary judgment, nor has he moved to amend his complaint to add such a claim. Thus, this claim is not properly before the court. However, even if Klein had properly asserted the claim, he has made no showing that Boeing fired him, or any other Boeing employees, because of an alleged disability and not due to the commission of a penal offense. There has been no showing that the rule allowing discharge for commission of a penal offense, and the letter of understanding defining that rule for offenses against children of a sexual nature, falls more harshly upon a protected class of individuals as is required to support a disparate impact claim. *See Oliver v. Pacific Northwest Bell Tel. Co.,* 106 Wash.2d 675, 680, 724 P.2d 1003 (1986); *International Brotherhood of Teamsters v. United States,* 431 U.S. 324, 335, 97 S.Ct. 1843, 1854, 52 L.Ed.2d 396 (1977). Thus, Klein has failed to set forth a claim that Boeing's employment practices impact un-

fairly and without business justification on a protected group and thus, as a matter of law, any disparate impact claim must fail. *See Foster v. Arcata Associates, Inc.,* 772 F.2d 1453, 1458 (9th Cir.1985).

### III. Conclusion

The court finds that, even upon the facts as presented by Klein, he has failed to make a showing upon which a reasonable jury could find in his favor on any of his claims, and that as a matter of law, each of his claims fails. Thus, Boeing's motion for summary judgment is GRANTED and Klein's motion for partial summary judgment is DENIED.