28 F.3d 105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David M. ESTES, Plaintiff-Appellant,
v.
CITY OF SEATTLE, a political subdivision of the State of
Washington; Seattle Police Department, a political
subdivision of the City of Seattle; Patrick J. Fitzsimons,
Chief of the Seattle Police Department and as an individual;
Douglas Dills, in his capacity as a police officer and as
an individual, et al., Defendants-Appellees.
 No. 94-35012.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 2, 1994.*
Decided May 31, 1994.
 
 Before: WRIGHT, SCHROEDER, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David M. Estes appeals pro se the district court's grant of defendants/appellees' motion for summary judgment on his Title VII claims of discrimination and retaliation in employment and on his state-law defamation claim.[1] We review de novo the court's grant of summary judgment. Jones v. Union Pacific R.R., 968 F.2d 937, 940 (9th Cir.1992).
 
 I. Title VII Claims
 
 3
 In Title VII cases alleging discrimination and/or retaliatory treatment, the plaintiff bears the initial burden of establishing a prima facie case. Texas Dept. of Community Aff. v. Burdine, 450 U.S. 248, 252-53 (1981) (discrimination claims); Yartzoff v. Thomas, 809 F.2d 1371, 1375 (9th Cir.1987) (retaliation claims).
 
 A. Discrimination
 
 4
 For discrimination claims, see 42 U.S.C. Sec. 2000e-2(a), establishing a prima facie case means that "[t]he plaintiff must prove by a proponderance [sic] of the evidence that [h]e applied for an available position for which [h]e was qualified, but was rejected under circumstances which give rise to an inference of unlawful discrimination." Burdine, 450 U.S. at 253. In other words, "[t]he alleged discriminatee [must] demonstrate at least that his rejection did not result from the two most common legitimate reasons on which an employer might rely to reject a job applicant: an absolute or relative lack of qualifications or the absence of a vacancy in the job sought." International Bhd. of Teamsters v. United States, 431 U.S. 324, 358 n. 44 (1977).
 
 
 5
 Examining the record as a whole,[2] we find that Estes failed to meet his initial burden of producing evidence sufficient to establish a prima facie case of discrimination. We might differ with the district court as to whether the letter from Captain Dills to Estes' Detectives Bureau file (the "Dills Letter"), combined with the defendants' own pleadings, permits an inference that defendants were aware of Estes' religious and associated political convictions. However, Estes failed to produce evidence sufficient to generate a credible inference that his failure to obtain the positions he allegedly sought stemmed from an illegitimate reason. The district court did not err in granting summary judgment for defendants on Estes' discrimination claim.
 
 B. Retaliation
 
 6
 In order to establish a prima facie case of retaliation, see 42 U.S.C. Sec. 2000e-3(a), a plaintiff must establish that he has engaged in protected activity and that his employer has subjected him to an adverse employment decision, and then demonstrate a causal link between the two. Yartzoff, 809 F.2d at 1375. More specifically, "[t]o show the requisite causal link, the plaintiff must present evidence sufficient to raise the inference that h[is] protected activity was the likely reason for the adverse action." Cohen v. Fred Meyer, Inc., 686 F.2d 793, 796 (9th Cir.1982).
 
 
 7
 We agree with the district court that Estes failed to establish a prima facie case of retaliation. The Dills letter unquestionably constitutes evidence that Estes' political activities, oft-expressed religious convictions, and litigation history did not endear Estes to his superiors. Nonetheless, Estes has failed to produce evidence suggesting that retaliation against his protected activities was the likely reason for his lack of success in obtaining the promotions he desired.
 
 
 8
 In each instance for which we have any evidence, either the individual appointed had at least arguably superior qualifications or no specific vacancy existed. Estes offered only conclusory allegations of a causal link between his protected activities--in which he had every right to engage without adverse employment consequences--and these employment decisions. As we stated in Yartzoff, "[F]ailure to allege specific facts sufficient to establish the existence of a prima facie case renders a grant of summary judgment appropriate." 809 F.2d at 1374. The district court did not err in granting defendants' motion for summary judgment on Estes' retaliation claim.
 
 II. Defamation Claim
 
 9
 The district court also granted summary judgment for defendants on Estes' pendent defamation claim, which appellant brought on the basis of the Dills Letter. In order to survive this motion, Estes would have to have created at least a genuine dispute as to the four elements of his claim under Washington law: falsity, publication, fault, and damages. Hitter v. Bellevue Sch. Dist., 832 P.2d 130, 135 (Wash.App.1992).
 
 
 10
 However, we find that Estes failed to create such a dispute with respect even to the first of these elements, let alone all four. Washington has adopted Restatement (Second) Torts Sec. 566 (1977) (hereinafter Restatement):
 
 
 11
 A defamatory communication may consist of a statement in the form of an opinion, but a statement of this nature is actionable only if it implies the allegation of undisclosed defamatory facts as the basis for the opinion.
 
 
 12
 Dunlap v. Wayne, 716 P.2d 842, 847-48 (Wash.1986) (quoting and explicitly adopting this rule). Stated differently, "[a] simple expression of opinion based on disclosed or assumed nondefamatory facts is not itself sufficient for an action of defamation, no matter how unjustified and unreasonable the opinion may be or how derogatory it is." Restatement Sec. 566 cmt. c.
 
 
 13
 The Dills Letter expressed the writer's opinions, relying principally upon well-known episodes from Estes' career with the Seattle Police Department. Estes did not credibly assert that it impliedly alleged undisclosed defamatory facts. Even if he had, we also note that he failed to establish the letter's unprivileged communication. See Restatement Secs. 598A, 599-605A. The district court did not err in granting defendants' motion for summary judgment on Estes' defamation claim.
 
 III. Sanctions Motion
 
 14
 Estes also appeals the district court's denial of his motion for discovery sanctions. We review this denial for abuse of discretion. Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1408 (9th Cir.1990), cert. denied, 498 U.S. 1109 (1991). This claim lacks merit. Defendants offered legitimate objections to Estes' discovery requests, and Estes never sought to compel compliance. The district court did not abuse its discretion in denying Estes' motions.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 3(f)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Estes' brief on appeal states that his suit also alleged a violation of 42 U.S.C. Sec. 1983, but his district court complaint contained no such claim
 
 
 [2]
 On appeal, Estes challenges a district court statement responding to the defendants' motion to strike Estes' affidavit supporting his opposition to their summary judgment motion. The court denied the motion to strike, but stated that it could be presumed to have disregarded any inappropriate portions of the affidavit. We decline to address Estes' challenge to these implicit rulings, because we affirm the district court even in light of all contents of the affidavit