6 P.3d 50 (2000)
101 Wash.App. 743
INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS, LOCAL 46, an unincorporated voluntary association, Curt Rider and Tim Key, Appellants,
v.
CITY OF EVERETT, a municipal corporation, Respondent.
No. 45314-9-I.
Court of Appeals of Washington, Division 1.
August 7, 2000.
As Amended on Reconsideration September 18, 2000.
James Henry Webster, Lynn Denise Weir, Webster, Mrak & Blumberg, Seattle, for Appellants.
Paul Edgar Smith, Charles Nisbet Eberhardt, Perkins Coie, Bellevue, for Respondent.
AGID, C.J.
When the City of Everett suspended two of its employees without pay as a disciplinary measure, the employees and their labor union, International Association of Fire Fighters, Local 46, challenged the suspensions as a violation of the collective bargaining agreement between the City and Local 46. The Union submitted the dispute to arbitration, during which legal counsel represented only Local 46, not the employees. Because the arbitrator's final ruling required the City to reimburse the employees for lost wages, Local 46 claims it is entitled to attorney fees under RCW 49.48.030, which provides that reasonable attorney fees "shall be assessed" against an employer "[i]n any action in which any person is successful in recovering judgment for wages or salary owed to him...." We hold that RCW 49.48.030 permits Local 46's request and reverse the trial court's decision not to award fees.

FACTS
Local 46 members Curt Rider and Tim Key are a captain and a fire fighter respectively in the City of Everett's fire department. In June 1997, the City suspended them for a 24-hour shift without pay for *51 disciplinary reasons.[1] Local 46, Rider, and Key later challenged the suspensions as a violation of the collective bargaining agreement (CBA) between Local 46 and the City, and Local 46 submitted the dispute to arbitration under the CBA's grievance procedure.[2] Legal counsel represented Local 46 at the arbitration, but Rider and Key did not retain their own attorneys. The arbitrator ruled that the suspensions violated the CBA and awarded back pay to Rider and Key. When Local 46 later asked the City to pay the attorney fees it incurred in challenging the suspensions, the City refused. Local 46, Rider, and Key sued the City for fees, and both sides moved for summary judgment. The trial court denied the plaintiffs' motion and granted the City's. This appeal followed.

DISCUSSION
RCW 49.48.030 reads:
In any action in which any person is successful in recovering judgment for wages or salary owed to him, reasonable attorney's fees, in an amount to be determined by the court, shall be assessed against said employer or former employer....
The issue is whether this section allows a labor union to recoup attorney fees when the employees it represents recover wages in a proceeding in which only the union has counsel.[3] We hold that although RCW 49.48.030 is ambiguous on this issue, labor arbitration principles, together with the purposes of this provision, indicate that the Legislature intended to provide reimbursement to unions for fees under these circumstances.[4]
RCW 49.48.030 is susceptible to more than one reasonable interpretation and is therefore ambiguous.[5] On the one hand, the Legislature's word choice indicates it was concerned primarily with assessing attorney fees against an employer whenever someone recovers wages from that employer, rather than with who in fact incurs the costs of legal representation. For example, the provision declares that fees "shall be assessed" against the employer, rather than specifying who should be reimbursed. Further, the statute requires only that "any action" occur in which "any person" recovers wages "owed to him." It does not require that an employee initiate the action; nor does it preclude recovery of attorney fees when a representative body like a labor union incurs the expense of those fees. On the other hand, however, the Legislature's use of the word "person" could be read to preclude recovery by an organization like a union.
But labor arbitration principles indicate that the Legislature contemplated that unions would be entitled to recover attorney fees under RCW 49.48.030, at least under these circumstances. As the parties agreed at oral argument, their CBA permits only Local 46, not individual employees, to submit a grievance to arbitration.[6] This is a common *52 bargaining agreement term. Thus, because unions are typically the exclusive entity entitled to bring employee grievances to arbitration, the Legislature must have intended that unions could recover attorney fees under RCW 49.48.030. If it had not, it would have limited fee recipients in the statute rather than making fees available in "any action."
Our reading is consonant with our holding that RCW 49.48.030 is a remedial statute that should be liberally construed to effect its purpose.[7] Remedial statutes often authorize attorney fees "to provide incentives for aggrieved employees to assert their statutory rights...."[8] Where, as here, the union controls access to the grievance system, this purpose is furthered by requiring employers to reimburse a union when it incurs attorney fees in the course of recovering wages for an employee.
Local 46 relies heavily on our decision in Department of Labor & Industries v. Overnite Transportation Co.[9] to support its attorney fees claim. In Overnite, the Department of Labor and Industries (DLI) represented a group of employees contending their employer, Overnite, had failed to pay overtime compensation to them as required under the Washington Minimum Wage Act.[10] Overnite disagreed on numerous grounds. The trial court granted summary judgment in favor of DLI, ordered Overnite to pay the employees' overtime back wages due, and granted attorney fees to DLI based on three statutory provisions: RCW 49.52.070, 49.46.090(2) and the section at issue here, 49.48.030. When Overnite appealed, this court affirmed the trial court's grant of summary judgment and upheld the attorney fees award under RCW 49.52.070, which provides:[11]
Any employer ... who shall violate any of the provisions of subdivisions (1) and (2) of RCW 49.52.050 shall be liable in a civil action by the aggrieved employee or his assignee to judgment for twice the amount of the wages ... withheld ... together with costs of suit and a reasonable sum for attorney's fees[.][[12]]
On appeal, Overnite argued that this statute did not afford attorney fees to DLI because it was not an assignee of the employees' wage claims but merely represented the employees in its de jure authority under RCW 49.48.040(1)(b).[13] We disagreed, and stated that:
in using its de jure authority the Department stood in the employees' shoes and brought its action on their behalf. Permitting the Department to recover attorney fees while serving in this representative capacity is consistent with the statute, furthers the Department's ability to bring future wage claims, and serves as a deterrent by placing employers on notice that they will be liable for the attorney fees incurred because of their wrongful refusal to pay....[[14]]
*53 As the City points out, there are some crucial distinctions between the situation in Overnite and the issue here. First, the Overnite court specifically declined to address the issue of RCW 49.48.030 fees. Also, Overnite dealt with the right of DLI, an agency with a unique statutory authority to bring actions to recover wages owed to employees, to recover attorney fees. Therefore, according to the City, the analysis in Overnite is specific to DLI and does not apply broadly to other representative entities.
But while the analysis in Overnite deals with a different statutory attorney fees provision and addresses the role of DLI, its holding with respect to attorney fees lends credence to an interpretation of RCW 49.48.030 that contemplates recovery by a union that is an employee's exclusive representative. Although the statute interpreted in Overnite authorized fees only in an action "by the aggrieved employee or his assignee," we read that provision very broadly in light of the overall construction and purpose of the statutory scheme, and extended recovery to an entity not named in RCW 49.52.070. Here, the only limit on who may recover is the rather global phrase "any person," which we should not read more narrowly than the Overnite court read the more precise phrase involved there. A broad interpretation is appropriate in this case too because the purposes of the statutes and their impact on employee rights are similar.
We conclude by addressing a couple of concerns that may surface in light of our decision. First, it may be unclear why Local 46 was able to bring a court action to recover attorney fees when the arbitrator did not deal with that issue. As the City explained at oral argument, however, the arbitrator is strictly a creature of the parties' CBA and is limited to interpreting and applying only CBA provisions. The right to fees arose outside the terms of the labor agreement, and a court action was therefore necessary to recover them. Also, because this limit on the arbitrator's authority is common in CBA's, the City predicted at oral argument that allowing a union to recover fees under RCW 49.48.030 will encourage numerous collateral court proceedings to determine whether the union is entitled to fees in a specific case. But that concern is unwarranted because there is a well-developed body of case law dealing with when attorney fees are justified and how they are calculated. Further, parties to labor agreements could give arbitrators the power to award attorney fees in the CBA, thus eliminating the need for any court involvement.
Reversed and remanded. On remand, we direct the trial court to calculate and award attorney fees to Local 46 under RCW 49.48.030 for the arbitration and all superior court and appellate proceedings in this matter.
COX, J., and APPELWICK, J., concur.
NOTES
[1] Rider and Key had tampered with and damaged the electrical system at the fire station where they were assigned.
[2] Local 46 is the exclusive collective bargaining representative of uniformed fire fighters employed by Everett in the positions of fire fighter, lieutenant and captain.
[3] Statutory interpretation is a legal question that appellate courts review de novo. Landmark Dev., Inc. v. City of Roy, 138 Wash.2d 561, 569, 980 P.2d 1234 (1999).
[4] There is no question that the arbitration was an "action" and the arbitrator's ruling was a "judgment" under RCW 49.48.030. See Hitter v. Bellevue Sch. Dist. 405, 66 Wash.App. 391, 396, 832 P.2d 130, review denied, 120 Wash.2d 1013, 844 P.2d 435 (1992). Hitter also indicates that RCW 49.48.030 applies even when, as here, the "action" is not a proceeding to recover wages per se, and the employee's wage recovery is secondary to the principal issue. Like Rider and Key, the plaintiff in Hitter successfully challenged a disciplinary measure as a violation of his collective bargaining agreement and was accordingly entitled to wage compensation. The holding in Hitter is not helpful here, however, because the CBA in that case clearly provided that each party is responsible for its own expenses.
[5] See State ex rel. Royal v. Board of Yakima County Comm'rs, 123 Wash.2d 451, 459, 869 P.2d 56 (1994). We construe only ambiguous statutes. See Whatcom County v. Bellingham, 128 Wash.2d 537, 546, 909 P.2d 1303 (1996). If a statute is ambiguous, we must construe it to effectuate the Legislature's intent in enacting it. Id.
[6] Of course, as the City noted at oral argument, an employee may step outside the CBA's grievance procedures if a union violates its duty of fair representation. See, e.g., Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 567, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976) ("The union's breach of duty relieves the employee of an express or implied requirement that disputes be settled through contractual grievance procedures....") This case does not present that situation.
[7] See, e.g., Dautel v. Heritage Home Center, Inc., 89 Wash.App. 148, 152, 948 P.2d 397 (1997), review denied, 135 Wash.2d 1003, 959 P.2d 126 (1998).
[8] See Hume v. American Disposal Co., 124 Wash.2d 656, 673, 880 P.2d 988 (1994), cert. denied, 513 U.S. 1112, 115 S.Ct. 905, 130 L.Ed.2d 788 (1995).
[9] 67 Wash.App. 24, 834 P.2d 638 (1992), review denied, 120 Wash.2d 1030, 847 P.2d 481 (1993).
[10] See RCW 49.46.
[11] The court did not address whether attorney fees were available under the other two statutory sections.
[12] The first two sections of RCW 49.52.050 make it a misdemeanor for any employer (or officer, vice principal or agent of any employer) to "collect or receive from any employee a rebate of any part of wages theretofore paid by such employer to such employee," or to "wilfully and with intent to deprive the employee of any part of his wages ... pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract."
[13] That section provides that DLI may "[o]rder the payment of all wages owed the workers and institute actions necessary for the collection of the sums determined owed[.]"
[14] Overnite Transp. Co., 67 Wash.App. at 39-40, 834 P.2d 638.