**TEAMSTERS LOCAL 117, a labor organization, Plaintiff,**

v.

**DAVIS WIRE CORP., a Delaware corporation, Defendant.**

**No. C01–1345P.**

United States District Court, W.D. Washington, at Seattle

Nov. 16, 2001.

Spencer Nathan Thal, Teamsters Local Union 117, Seattle, WA, for Plaintiff.

Rebecca Dean, Preston Gates & Ellis, Seattle, WA, for Defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION TO REMAND

PECHMAN, District Judge.

This matter comes before the Court on Defendant's Motion for Summary Judgment and Plaintiff's Motion to Remand. (Dkt.Nos.4, 9). Both motions concern the same question of law: whether federal law completely pre-empts Washington State law in cases regarding attorneys fees in collective bargaining agreement disputes.

Because the Court finds that state law is completely pre-empted, summary judgment for the Defendant is GRANTED, and Plaintiff's Motion to Remand is DENIED.

## BACKGROUND

The Teamsters Local 117 ("Teamsters") and Davis Wire Corporation are parties to a collective bargaining agreement ("CBA"). Pursuant to the CBA, the Teamsters filed grievances on behalf of two employees. These grievances went to arbitration, the provided remedy under the CBA, and the Teamsters won, the arbitrator holding that Davis Wire violated the CBA. In both cases, the arbitrator awarded back pay, which Davis Wire paid. According to the CBA, the costs of arbitration were to be shared by both parties. There was no mention, however, of attorneys fees in the CBA. The practical effect of the lack of a provision of attorneys fees would be that both parties would pay their own counsel.

After prevailing in the arbitration proceeding, Teamsters brought suit in King County Superior court for attorneys fees under state law. Defendants Davis Wire removed the case to federal court, arguing that federal labor law completely pre-empts the state law claim when there is a CBA. Davis Wire at the same time moved for summary judgment, arguing that uniformity in federal labor law requires complete pre-emption. Teamsters moved to remand to state court on the grounds that only state law applies.

## ANALYSIS

According to Washington State law and outside the CBA context, an employee could collect attorneys fees under otherwise similar facts. However, in analogous suits, courts have made clear that state-law attorneys fees provisions are completely pre-empted by federal law in order to insure that CBAs are interpreted across the country in a uniform manner. Since federal law would not allow attorneys fees here, a state law may not be read to grant such fees to the plaintiffs.

### I. State law attorneys fees provision

This court is required to reach the federal pre-emption question, since under state law Teamsters would, outside the CBA context, be able to collect attorneys fees. The statute in question, reads: "In any action in which any person is successful in recovering judgment for wages or salary owed to him, reasonable attorney's fees, in an amount to be determined by the court, shall be assessed against said employer or former employer." Wash. Rev. Code § 49.48.030 (2001). Washington State courts have read this to allow attorneys fees as a result of arbitration, holding that an arbitration is an "action" and an arbitration award a "judgment." *See Hitter v. Bellevue School Dist. No. 405*, 66 Wash.App. 391, 396, 832 P.2d 130 (1992), *review denied*, 120 Wash.2d 1013, 844 P.2d 435 (1992); *Int'l Ass'n of Fire Fighters v. Everett*, 101 Wash.App. 743, 6 P.3d 50 (2000) (award in CBA arbitration, but outside the context of federal labor law since Everett was a public employer). Since Teamsters might be able to collect under a plain reading of state law, the Court must reach the broader issue of whether federal law pre-empts this statute to the extent that it applies to CBAs.

### II. Federal pre-emption

CBAs are governed by § 301 of the Labor Management Relations Act of 1947 ("LMRA"), 61 Stat. 156, 29 U.S.C. § 185 (2001). In order to promote uniform federal labor law, § 301 completely pre-empts state law in claims "founded directly on rights created by collective-bargaining agreements," and also claims "substantially dependent on analysis of a collective-bargaining agreement." *Caterpillar v. Williams*, 482 U.S. 386, 394, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). However,

§ 301 does not pre-empt "nonnegotiable rights conferred on individual employees as a matter of state law." *Livadas v. Bradshaw*, 512 U.S. 107, 123, 114 S.Ct. 2068, 129 L.Ed.2d 93 (1994). Plaintiffs claim the state attorneys fee provision is an independent, nonnegotiable state law right, and therefore not pre-empted. Defendants claim that any attorneys fees award flows from the violation and analysis of the CBA, and is therefore pre-empted.

■■■■ The pre-emption of the Washington State attorneys fee provision in the context of a CBA is an issue of first impression. Nonetheless, analogous rulings clearly indicate that federal law should pre-empt state law in this case. It is a settled point of law that state attorneys fees provisions are completely pre-empted by § 301 when the arbitration award is litigated. *See Roy Allen Slurry Seal v. Laborers Int'l Union*, 241 F.3d 1142, 1146–48 (9th Cir.2001) (federal law establishes bad faith standard); *Warehouse, Processing, Distribution Workers Union v. Hugo Neu Proler Co.*, 65 Cal.App.4th 732, 76 Cal.Rptr.2d 814 (1998) (federal bad faith standard displaces state law attorneys fees provision). Had, for example, Teamsters lost the arbitration, and then litigated and won, they would not be able to claim attorneys fees under a state law provision. The rationale for this rule is uniformity in federal labor policy, particularly in the uniform interpretation of CBAs. Otherwise, unions successfully litigating arbitration in one state might get attorneys fees on simply prevailing, while in another state get attorneys fees only when they show "bad faith." *See Waggoner v. Northwest Excavating, Inc.*, 642 F.2d 333, 339 (9th Cir. 1981), *vacated on other grounds*, 455 U.S. 931, 102 S.Ct. 1417, 71 L.Ed.2d 640 (1982) ("Uniformity would be defeated with few, if any, countervailing benefits, by applying fifty different state laws on the issue of attorney's fees."). Plaintiffs ask the Court to award attorneys fees under state law when the arbitration award *isn't* litigated,

but deny these same fees when the award *is* litigated. This reading of the law would produce an anomalous result and possibly perverse incentives.

Plaintiff attempts to distinguish case law on pre-emption of attorneys fees by noting that these cases examined and interpreted the CBA, and therefore required pre-emption to achieve a uniform result. Plaintiff argues here, however, that in the instant case there is no pre-emption because the Court is merely awarding attorneys fees without an examination of or ruling on the CBA. Although this is an ingenious argument, it is wrong on two points. First, Plaintiff misreads the standard for pre-emption in the context of CBAs. Second, the policy considerations of promoting uniformity and the primacy of the CBA still require pre-emption in this case.

*A. The federal pre-emption standard*

■■■ Non-negotiable state law rights that do not depend for their resolution on the interpretation of a collective bargaining agreement are not pre-empted. *See United Food and Commerical Workers Union v. Mutual Benefit Life Insurance Company*, 84 Wash.App. 47, 925 P.2d 212 (1996), *review denied*, 133 Wash.2d 1021, 950 P.2d 478 (1997); *Livadas*, 512 U.S. at 123, 114 S.Ct. 2068. The attorneys fee provision, however, is not within this class of "non-negotiable" state law rights. Parties can negotiate, and contract out of, the state law attorneys fee provision. This is recognized by state courts, which have explicitly held that § 49.48.030 does not establish a non-negotiable right. *Hitter*, 66 Wash.App. at 399, 832 P.2d 130.

The doctrine of non-negotiable state law rights is meant to protect a different class of rights from pre-emption. *Caterpillar* describes a number of examples where state law is truly independent from the CBA: a state battery suit during a violent strike, a state law suit for breach of individual employment contracts. 482 U.S. at 388, 397, 107 S.Ct. 2425. Clearly, the attorneys fee argument here cannot be claimed to be *independent* from the CBA.

All of the alleged actions which lead to the positive arbitration award for which the Plaintiff's seek attorneys fees flow from a CBA. Perhaps Teamsters could have prevailed had they only chosen to pursue state breach of contract claims and then sought attorneys fees, as is similar to the facts *Caterpillar. Id.* Here, however, violation of the CBA is the event that triggers attorneys fees, the very basis for the claim. Since federal law pre-empts state law in the interpretation of CBAs, the Washington statute is pre-empted.

### B. Policy considerations favor uniformity and the primacy of the CBA

Allowing the Washington State attorneys fee provision to apply would disrupt the policy considerations underlying the law governing CBAs. Courts have interpreted attorneys fees provisions to produce a uniform law. First, the union and labor representatives may bargain for the allocation of attorneys fees in their contracts. Secondly, if they litigate the issue, courts apply a standard of "bad faith" to award attorneys fees. Here, the CBA was silent on attorneys fees, so each party, if they employ attorneys, would be responsible for paying their fees. Certainly, since the state law provision has never been applied to CBA contracts covered under § 301, each party when they drafted the CBA should have expected to carry the burden of fees. Applying state attorneys fees provisions here would disrupt uniformity, the very concerns expressed by other courts in analogous situations:

> "*Waggoner* rested on the concern that CBAs be negotiated in the shadow of uniform statutory interpretation, freeing the parties from disruptive uncertainty that might hamper the bargaining process . . . Permitting state law to control here would create just such uncertainty. Any union that sought arbitration against a party who, it later turned out, was not bound by the CBA at issue,

might be liable for attorney's fees-depending on the state in which the litigation was filed." *Roy Allan Slurry Seal,* 241 F.3d at 1147–48 (considering attorneys fees after the conclusion of litigation of an arbitration agreement).

Plaintiff's proposed construction of the law would lead to the same undesired result. Each state could have differing attorneys fees provisions, in addition to separate federal attorneys fees standards. Such an interpretation strongly cuts against the goal of uniformity in federal labor law.

■ The interpretation the Plaintiff suggests also undercuts the policy considerations favoring the primacy of the CBA. To the extent that the CBA enforces the parties' intent, deferring to the CBA is another goal of the LMRA. *Roy Allan Slurry Seal,* 241 F.3d at 1148. "The LMRA emphasizes party autonomy, and the primacy of the collective bargaining agreement." *Id.* In *Slurry Seal,* the 9th Circuit squarely rejected statutory rewriting of the agreement between the parties to mitigate a perceived inequality. Allowing attorneys fees here would also effect a re-writing of the CBA, as there was no provision in the CBA to grant attorneys fees to employees prevailing in arbitration.

### CONCLUSION

Law and policy considerations require federal pre-emption of the Washington attorneys fee statute in the context of arbitration awards under a CBA. The Court therefore GRANTS summary judgment in favor of the Defendants. Because federal law completely pre-empts state law, Plaintiff's motion for removal to state court is DENIED.

The Clerk is directed to send copies of this order to all counsel of record.