John TIBBS, Rozanne M Poirier, individually and as husband and wife; Plaintiffs—Appellants,

v.

ST. PAUL FIRE & MARINE INSURANCE COMPANY, John Does, unknown; Defendants—Appellees.

No. 01–35813.

D.C. No. CV–00–00550–JCC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 12, 2002.

Decided Oct. 2, 2002.

Before HALL, TASHIMA, and RAWLINSON, Circuit Judges.

MEMORANDUM *

Appellant/Plaintiff John Tibbs ("Tibbs") appeals the district court's grant of summary judgment in favor of his former employer, St. Paul Fire & Marine Insurance Company ("St.Paul"), on Tibbs' action under the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12111(a) and the Washington Law Against Discrimination ("WLAD") RCW 49.60. Tibbs also appeals the district court's denial of his summary judgment motion and various pretrial rulings.

■ The ADA prohibits discrimination "against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a) (1995). Tibbs failed to raise a material question of fact regarding whether he was disabled under the ADA. Specifically, Tibbs failed to raise a material question of fact regarding substantial limitation of a major life activity. *See Thompson v. Holy Family Hosp.*, 121 F.3d 537, 540 (9th Cir.1997). Accordingly, entry of summary judgment in favor of St. Paul and denial of Tibbs' motion for summary judgment was appropriate on the ADA claim.

RCW 49.60.180(2) and (3) provide that is unlawful for any employer to discriminate against any person in the terms or conditions of employment or discharge any employee because of the presence of any sen-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

sory, mental, or physical disability. "To support a claim under RCW 49.60 [Tibbs] must establish (1) that he had an abnormal condition and (2) [St. Paul] discriminated against him because of the abnormal condition." *Klein v. The Boeing Co.*, 847 F.Supp. 838, 843 (W.D.Wash.1994) (citation omitted). The WLAD provides broader protection than the ADA due to its focus on an abnormal condition's effect upon the individual's ability to perform his job, as opposed to whether the disability substantially limits a major life activity. *Pulcino v. Federal Express Corp.*, 141 Wash.2d 629, 641–42, and n. 3, 9 P.3d 787 (2000).

■ Tibbs asserts that his abnormal condition (depression) caused him to engage in the conduct interpreted as a threat by his employer. If Tibbs' abnormal condition in fact precipitated his unacceptable conduct, the conduct may become part and parcel of his abnormal condition, and cannot serve as a basis for summary dismissal. *See Humphrey v. Mem. Hosp. Ass'n*, 239 F.3d 1128, 1139–40 (9th Cir.2001), *cert. denied*, —— U.S. ——, 122 S.Ct. 1592, 152 L.Ed.2d 509 (2002). A material question of fact exists regarding whether Tibbs' unacceptable conduct was caused by his abnormal condition. As a result, Tibbs' WLAD claims were not properly resolved by summary judgment.

We REVERSE the district court's entry of summary judgment in favor of St. Paul on Tibbs' WLAD claim. We AFFIRM the district court's ruling in all other respects.

AFFIRMED in part, REVERSED in part. Each party is to bear its own costs on appeal.