MICHAEL HYNES *vs.* LEWIS F. WRIGHT.

Hartford Dist., Oct. T., 1892. ANDREWS, C. J., CARPENTER, SEYMOUR, TORRANCE and PRENTICE, Js.

An award is in the nature of a judgment, and nothing can relieve a party subjected by it to the payment of money, but payment or a discharge.
A refusal of both parties to abide by the award, made on separate days' and without any meeting of their minds, and without consideration, is neither a discharge nor payment, nor anything equivalent to either.

[Argued October 5th—decided November 1st, 1892.]

ACTION on an award; brought, by appeal from a justice of the peace, to the Court of Common Pleas of Hartford County. Answer held insufficient by the court (*Taintor, J.,*)

and judgment rendered for the plaintiff. The defendant appealed.

*S. E. Clarke*, for the appellant.

*T. E. Steele* and *F. A. Scott*, for the appellee.

ANDREWS, C. J. This action is brought upon an award of arbitrators to recover the sum which it was awarded the defendant should pay to the plaintiff. The answer of the defendant is in four paragraphs. In the first and second he admits the fact of a submission by the plaintiff and himself to certain arbitrators of a matter in dispute between them; and that the arbitrators heard the parties and published their award, namely, that the defendant should pay to the plaintiff the sum of money named in the complaint. The third and fourth paragraphs of the answer are as follows:—

3d. At the time of the publication of said award the plaintiff repudiated the same and refused to abide thereby and openly refused to accept the same.

4th. Afterwards, and before the commencement of this action, the defendant notified the plaintiff that he, the defendant, repudiated the same, refused to abide thereby, and refused to pay the same.

The plaintiff demurred to these paragraphs of the answer, and the demurrer was sustained by the court.

Upon the admissions in the first two paragraphs of the answer the plaintiff is entitled to have judgment in his favor unless there is something in the other two paragraphs which avoids that result. The award is in the nature of a judgment—is in fact a judgment—from the obligation of which nothing can relieve the defendant but payment or a discharge. If then the defendant has not alleged a payment, or a discharge of the award, or something that has the effect of the one or the other, he has averred nothing to avoid the effect of his own admissions. Now it seems almost too plain to need statement that the refusal of the plaintiff to abide by the award is not a discharge of it.

Nor does it need anything more than statement to show that the refusal of the defendant to abide by the award is not a payment of it, or to show that the refusal of both plaintiff and defendant, if made as alleged in the answer, on separate days, without any meeting of their minds, and without any consideration, is neither a discharge nor a payment of the award, nor can it be anything else equivalent to either. The award having been lawfully made, the refusal of one or both the parties to abide by it does not in any wise affect its legal validity. Morse on Arbitration, 487; *Curley* v. *Dean*, 4 Conn., 259; *Hopson* v. *Doolittle*, 13 id., 236; *City of Bridgeport* v. *Eiseman*, 47 id., 34.

The demurrer to these paragraphs of the answer was properly sustained, and as the defendant alleged nothing ˅ else judgment was necessarily rendered against him.

There is no error in the judgment appealed from.

In this opinion CARPENTER, TORRANCE and PRENTICE, Js., concurred. SEYMOUR, J., concurred in the result, but died before the opinion was written.