MAX LEHRMAN *vs.* BENJAMIN PRAGUE.

BENJAMIN PRAGUE *vs.* HERMAN PRAG ET ALS.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

 

Argued June 8th—decided August 9th, 1932.

*Jacob Schwolsky*, with whom were *Joseph W. Ress* and *Samuel H. Ritt,* for the appellant (Benjamin Prague, defendant and plaintiff).

*Samuel B. Harvey*, with whom was *Arthur T. Kelley,* for the appellees (Lehrman plaintiff and Lehrman and Halsband defendants).

AVERY, J.  These two cases were tried together and a single finding of facts made by the court applied to both.  No purpose would be served by detailing these facts.  Herman Prag and Benjamin Prague are brothers and in 1919 formed a partnership to conduct a retail shoe store in Willimantic.  They at first had one store, known as the Modern, and later acquired another, known as the Eagle.  Herman Prag, with Max Lehrman, entered into an agreement to purchase the building in which the Modern store was conducted and later made an agreement with Benjamin Prague to transfer to him one-half of his interest in it.  This agreement, however, was never carried out.  Various transactions as to the real estate took place between Herman Prag and Lehrman, and the former at one time had title to it, and the rent for the store was paid to

him by Prag Brothers. Finally, the real estate was conveyed to John L. Halsband, under some understanding that Herman Prag could reacquire it. For some time the property was treated as still belonging to Herman Prag, but later Prag Brothers entered into a five-year lease of the store with Halsband, and at the time these actions were brought the latter still had record title to the property. Prag Brothers had financial difficulties and assigned the two stores to one Kothe for the benefit of their creditors. Kothe, for a valuable consideration, thereafter sold the stores to Sadie Rosenthal and Lehrman; but Prag Brothers continued to manage them for a time. Various difficulties arose and several actions were brought, and finally an arbitration agreement was entered into between Max Lehrman, Herman Prag, Benjamin Prague and Sadie Rosenthal, for the purpose of making an end to all the disputes between them. On May 14th, 1929, the arbitrators appointed under the agreement made their award. This was based upon the finding that Lehrman and Rosenthal were acting as trustees for Herman Prag and Benjamin Prague in relation to the Modern and Eagle stores; that the Modern store was, in reality, owned by Herman, and the Eagle store by Benjamin. They therefore found that Benjamin had and was entitled to an interest in the Main Street property, claimed to be owned by Herman in the amount of $4000, and in full payment and discharge of all debts, demands and claims between the parties, they awarded that the following payments be made between the parties: That Herman Prag pay to Max Lehrman $1782.37; to Sadie Rosenthal $750; and to Benjamin the sum of $5712.80; and that Benjamin pay to Max Lehrman the sum of $1782.37, and to Sadie Rosenthal the sum of $750. Thereupon, Herman, in discharge of his awarded indebtedness to Lehrman and to carry out

the previous arrangement under which Lehrman had taken over the ownership of the Modern store, released to the latter whatever interest he had in the store by the award.

On July 1st, 1929, Lehrman brought an action against Benjamin Prague which was shortly thereafter withdrawn. July 16th, 1929, Benjamin brought an action upon the award against Herman Prag for $5712.80, and recovered judgment for that amount with interest and costs, which judgment remains wholly unsatisfied. In that action, both Lehrman and Halsband were also made parties, and the plaintiff, in his claims for relief, asked that the title to the real property, which was conveyed by Herman to Halsband, be vested in Herman and be made subject to levy of execution on any judgment to be rendered in favor of Benjamin in that action; and further asked that title to the Modern store and its contents be vested in Herman and be likewise subject to such execution. Judgment in that action was rendered in favor of the defendants, Lehrman and Halsband. Herman Prag is insolvent.

The appellants ask numerous corrections of the finding and also that certain paragraphs of their draft-finding be incorporated into the finding as made. A careful examination of the evidence, however, discloses that the facts found by the trial court are supported by testimony, and no correction of the finding is permissible which will advantage the position of the appellants in either case.

The present action of Max Lehrman v. Benjamin Prague was brought to recover the sum of $1782.37, awarded him by the arbitrators. The defendant interposed a special defense in his answer, claiming that the plaintiff, Lehrman, had rejected the arbitration and refused to carry out his part thereof. The trial

court concluded that the special defense was not proved, and entered judgment in favor of the plaintiff for the amount due under the award, with interest. The defendant, in his appeal, attacks this conclusion, the defendant's claim being, first, that the plaintiff had repudiated the award, and, secondly, that Herman could not sell to the plaintiff his interest in the Modern store as fixed by the award until Benjamin had an opportunity to levy upon Herman's interest. Both of these claims are without merit. There is nothing in the terms of the award finding that the Modern store was, in reality, owned by Herman which prevented him from thereafter selling the same to the plaintiff; and it appears from the finding that the sale to the plaintiff was made by him for a valuable consideration. Herman was not, by the terms of the award, obligated to retain his interest in the Main Street store until such time as Benjamin could levy against the same; furthermore, the court was amply justified upon the facts found in concluding that the award had not been repudiated by Lehrman. The bringing of a suit by Lehrman, one of the parties to the award, against Benjamin Prague, another party thereto, and the withdrawal of the case before trial would not vacate the award or entitle Benjamin to treat the same as nullified by the action of Lehrman. An award cannot be repudiated by the mere act of one of the parties. *Hopson* v. *Doolittle*, 13 Conn. 236, 240. An award is a judgment, and nothing can relieve a party subject by it to the payment of money but payment or a discharge. "The award having been lawfully made, the refusal of one or both the parties to abide by it does not in any wise affect its legal validity." *Hynes* v. *Wright*, 62 Conn. 323, 325, 26 Atl. 642.

The action of Benjamin Prague v. Herman Prag, Max Lehrman and John L. Halsband, was brought

upon the judgment obtained by him in the former action instituted against these parties, and asked damages; and, in addition thereto, that the title to the Modern store on Main Street and the contents thereof be vested in Herman Prag, and subject to levy of execution on any judgment which Benjamin might secure in this action. In this action the court gave judgment for Benjamin Prague against Herman Prag and for Lehrman and Halsband. It based its decision in their favor, among other grounds, upon a conclusion that the former action between the identical parties and on the same issues having been adjudicated in favor of the defendants, Halsband and Lehrman, those issues could not be relitigated in this action.

That conclusion was correct. The present action is concluded by the judgment in the former action; the parties to the two actions are the same, and the claims for relief and the subject-matter are identical. In the present action, as well as in the former, it is claimed that the property, personal and real, is held by Herman and Lehrman respectively for the purpose of delaying and fraudulently defeating the claim of the plaintiff. The only difference between the actions is that in the former between the parties, it was not alleged that Herman Prag was insolvent; whereas the present action contains that allegation. Proof of the insolvency of Herman could have been introduced in the former action under the allegation that the real estate was being held by Halsband and the personal property by Lehrman for the purpose of hindering, delaying and fraudulently defeating the plaintiff's claim. The insolvency of Herman would have been evidential upon that allegation and, if established, would have avoided the transfers upon the well-established principle of our law that a voluntary conveyance by an insolvent is void as against his creditors. *O'Neill* v. *Kilduff*, 81

Conn. 116, 121, 70 Atl. 640; *Pepe* v. *Santoro*, 101 Conn. 694, 697, 127 Atl. 277. The judgment in the former suit being between the same parties and upon the same cause of action, is conclusive upon the parties to this suit as to every question which was or might have been presented and determined in the former action. *Scott* v. *Scott*, 83 Conn. 634, 638, 78 Atl. 314; *Cromwell* v. *County of Sac*, 94 U. S. 351, 24 L. Ed. 195, 197; *Oklahoma* v. *Texas*, 256 U. S. 70, 41 Sup. Ct. 420, 423; *The Haytian Republic*, 154 U. S. 118, 14 Sup. Ct. 992, 994; *Burritt* v. *Belfy*, 47 Conn. 323, 325; *Wildman* v. *Wildman*, 70 Conn. 700, 710, 41 Atl. 1; *Freeman's Appeal*, 71 Conn. 708, 717, 43 Atl. 185.

There is no error on either appeal.

In this opinion the other judges concurred.