[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Kenneth E. Sullivan, by writ summons and complaint, dated March 6, 1990, pursuant to Conn. Gen. Stat. Sec. 52-572m, et seq., instituted this product liability action against the defendant, East Enterprises, Inc., (East) as manufacturer, and the defendant, Trusiani Imperati, the retailer of a defective safety belt.
The procedural history of the case follows:
The defendant, East, on October 25, 1990, was defaulted for failure to appear. Imperati Appeared by counsel on Nov. 6, 1990. Upon due notice to all parties, including Imperati, a hearing in damages was conducted of Feb. 26, 1991. East failed to appear and did not contest the damages. Despite the fact that Imperati had notice of the hearing in damages, she chose not to appear and neither protested the hearing going forward nor contested the damages.
The plaintiff was heard as to damages. In addition to his testimony the plaintiff introduced as evidence doctor bills, reports, hospital records and his employment history. The medical record included physicians' opinions diagnosing partial permanent disability to the plaintiffs neck and lower back. After the conclusion of the evidence, the trial court, Hendel, CT Page 3893 J., rendered judgment that the plaintiff recover of the defendant, East, the sum of $70,000 damages.
On Jan. 22, 1991, Imperati filed her answer and special defense, to which the plaintiff responded on Jan. 31, 1991, by filing a reply.
At the time of the hearing in damages, Feb. 26, 1991, East had been defaulted and the pleadings between the plaintiff and Imperati were closed. Nevertheless, Imperati failed to appear at the scheduled hearing.
Subsequently, this case was assigned to this court for trial.
Before taking evidence, this court ruled that the issue of damages having been previously litigated was res judicata and binding upon the defendant, Imperati, upon a showing of liability.
The doctrine of res judicata is one of rest and is enforced on the ground of public policy. Brady v. Anderson,110 Conn. 432, 435, 148 A. 365. To prevent a multiplicity of actions, equity will enjoin further litigation of a cause of action which has already been adjudicated. The judgment is conclusive with respect to any claims relating to the cause of action which were actually made or might have been made. Bridgeport Hydraulic Co., v. Pearson, 139 Conn. 186, 196,91 A.2d 778; Lehrman v. Prague, 115 Conn. 484, 490, 162 A. 15; Scott v. Scott, 83 Conn. 634, 638, 78 A. 314. A final judgment on the merits (here on the issue of damages) is conclusive on the parties in an action and their privies as to the cause of action involved. Corey v. Avco-Lycoming Division, 163 Conn. 309,317, 307 A.2d 155 (1972), cert. denied, 409 U.S. 1116,93 S.Ct. 903, 34 L.Ed.2d 699 (1973).
In this case, the issue of damages was fully heard by the trial court and was determined by the trier to be in the amount of $70,000 and was entered as a final judgment against the defendant East.
Here a question of fact essential to the judgment was heard and resolved by the court. Such a determination is conclusive and binding on all parties to the action. See, Brocket v. Jensen, 154 Conn. 328, 337, 225 A.2d 190 (1966). Res judicata and collateral estopped depend on the existence of a valid final judgment by a court of completion jurisdiction Waterbury Savings Bank v. Danaher, 128 Conn. 78, 92,20 A.2d 455; Ruocco v. Logiocci, 104 Conn. 585, 595, 134 A. 73. CT Page 3894
Accordingly, the court holds that the issue of damages in the count against the defendant Imperati, were fully resolved in the count against the defendant, East. The proof of damages involved the resolution of the same issue of fact in the first count that are present in the second count. In fact the issues of the first count were expressly incorporated into the second count. The final judgment rendered in this action against the defendant, East, is binding upon Imperati insofar as damages are concerned.
Having limited the trial to the issue of liability only as between the plaintiff and Imperati, after a full trial, the court finds by a preponderance of the credible, relevant and admissible evidence the facts as follows:
The liability of the defendant, East, was established by virtue of a default judgment for failure to appear. Accordingly, a final judgment was rendered against East in favor of the plaintiff.
On Nov. 27, 1989, and for a period of time prior thereto, the defendant, Imperati d/b/a Giant Oak Hunting and Fishing, located at the premises known as No. 2015 Foxon Road, North Branford, Conn., was engaged in the sale of commercial products used in the sport of hunting and on said date, for valuable consideration received by the plaintiff, Thomas Imperati, the son and agent of the defendant, sold and delivered to the plaintiff a certain Apache safety-belt which had been manufactured by the defendant, East.
On Nov. 27, 1989 and at all times mentioned herein, including Dec. 2, 1989, said belt was not altered or abused by the plaintiff and was in the same state as it was at the time of purchase and delivery.
At the time of purchase of said safety-belt, the defendants by and through express warranties on the labels did guarantee that said Apache Safety-Belt permits the user to lean away from a tree with security and further that said belt had been "tested to 300 pounds."
At the time of purchase, the defendants, as product sellers, did impliedly warrant and represent to the plaintiff that said safety-belt was in a state of fitness and in a safe condition for the uses and purposes for which it was manufactured and intended.
On December 2, 1989, at approximately 3:00 p. m., the plaintiff, while utilizing the safety-belt in the manner and fashion of which it was intended, i.e., while harnessed to CT Page 3895 and leaning from a tree, fell to the ground below a distance of some 30 feet and sustained certain severe, painful and disabling injuries. The plaintiff's fall occurred due to a defect in the safety-belt which caused the stitching that formed a loop in the belt to tear loose causing the plaintiff's fall. The belt was warranted to hold 300 pounds. At the time of the incident the plaintiff weighted 195 pounds.
The defendant, Imperati, as a product seller, is liable to the plaintiff for his injuries, losses and damages in that the defendant, sold and delivered to the plaintiff an Apache Safety-Belt that was in a dangerous and defective condition at the time of the sale and delivery. Such defect resulted in the stitching to tear and gave way causing the plaintiff to fall. The belt was not altered or used differently from its intended purpose by the plaintiff. The defective and dangerous condition of the safety-belt was the proximate cause of the plaintiffs injuries losses and damages. The plaintiff is entitled to damages under the Connecticut Product Liabilities Act, Conn. Gen. Stat. Sec. 52-572m, et seq.
Accordingly, judgment may enter for the plaintiff to recover of the defendant the sum of $70,000 plus costs.
SPALLONE, STATE TRIAL REFEREE